# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

__Edwin Snerling__
Defendant

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 15-30048

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

2/6/15
Date

_/s/ Mona K. Majzoub_
Signature of Judge

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
Name and Title of Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Edwin Snerling Order of Detention

Defendant is charged in a criminal complaint with 14 ATM burglaries involving a scheme that involved other individuals who stole vehicles, used them to ram banks and commercial businesses for the purpose of destroying ATM machines and stealing the money within, discarding the stolen vehicles and burning them so as to keep the "look out" vehicles from being detected.

By way of example, on October 19, 2014 in Dearborn, Michigan, the Secretary of State office located on Schaefer Road was rammed by suspects driving a red Dodge Caravan through the front of the building. Once inside, the suspects used the vehicle to ram the ATM, took it and fled the scene. The red van was later found burned with an empty ATM inside of it.

Defendant was stopped driving a 2003 silver Range Rover on November 2, 2014 at West Grand Boulevard and Third Streets in Detroit. Co-defendant McGregor was driving and Defendant was in the passenger's seat. McGregor had $2,240 cash on his person.

On November 5, 2014 two unidentified suspects drove a blue minivan through the front glass of Play Atlantis Arcade on Allen Road in Melvindale, Michigan. They took an ATM and a token machine from the location and fled the scene in the minivan.

On November 9, 2014 at the Michigan Secretary of State's office at 25263 Telegraph in Southfield, Michigan, three unidentified suspects drove a light colored van through the front glass of the building. Once inside, the vehicle was used to ram the ATM, then the suspects removed the ATM and fled the scene. Later police officers found the vehicle burned at the intersection of Bethune and Rosa Parks Blvd in Detroit with an empty ATM inside.

On November 14, 2014 at the Rite Aide Pharmacy at 22521 Michigan Avenue in Dearborn, Michigan, unidentified suspects drove a minivan into and through the front of the building. Once inside the suspects removed the ATM and fled the scene. Detroit Police officers later found the vehicle burned on Gladstone, in Detroit, with a burned and empty ATM inside the vehicle. Review of surveillance footage shows Defendant Snerling and Defendant McGregor (verified by a review of Defendant Snerling's driver's license and surveillance video preceding a subsequent ATM burglary).

On December 6, 2014 at a CVS pharmacy at 21911 W. Eleven Mile Road in Southfield, Michigan, a suspected stolen green minivan was used to ram the front wall of the building repeatedly, finally penetrating the building. Lights were activated inside the building and the suspects fled before they could take the ATM.

On December 6, 2014, shortly after the attempted burglary of the CVS pharmacy, police located the suspected stolen green minivan and gave chase. A pursuit of the van culminated in the van being stopped in the front yard of a home on Ashton in Detroit, and three occupants exited the vehicle and fled on foot. Defendant Smith was the only one apprehended.

Surveillance footage from the CVS Pharmacy on W. Eleven Mile Road showed Snerling, McGregor and Smith walking through the store on December 5, 2014, the day before the attempted burglary.

On December 23, 2014 suspects drove a silver minivan and repeatedly rammed the vehicle into the front of the building of the Secretary of State's Office located at 2835 Bagley in Detroit. Once inside, two suspects removed the ATM and fled.

Half and hour later, on December 23, 2014 at the Rite Aide Pharmacy located at 843 W. Vernor in Detroit, suspects driving the same silver minivan seen at 2835 Bagley then drove the minivan into the front of the Rite Aide Pharmacy, repeatedly ramming the wall. Once inside, the suspects attempted to take the ATM but were unsuccessful and fled the scene. Later police recovered the silver minivan which had been burned with an empty and burned ATM inside.

On December 29, 2014 at the CVS pharmacy located at 1037 Woodward in Detroit, suspects drove a stolen silver minivan to ram the front wall of that building, eventually penetrating the wall. The occupants of the van fled the scene before they were able to remove the ATM. Video footage shows the silver minivan driving to the area of State Street and Woodward Avenue, where it met up with the 2003 Silver Range Rover. Three people exited the silver minivan, including Whitfield, who exited the driver's side door. All three approached the silver Range Rover, but only two of the men got into the silver Range Rover, which then left the area. Whitfield was left standing on the street, and was followed by security guards until the police arrive on the scene. Whitfield is then arrested and taken into custody.

On January 28, 2015 at the Walgreen located at 9100 Telegraph in Taylor, Michigan, a silver Chrysler van rammed into the front doors and two people grabbed the ATM and fled. Taylor police pursued the silver Chrysler van which lost control while attempting to exit the freeway and came to a stop. The two occupants exited the vehicle and ran away on foot. The Taylor police were unable to apprehend the two men.

In addition to these burglaries described above in the Complaint, there have been two subsequent ATM burglaries of Walgreen Pharmacies allegedly involving Defendant: one on January 28, 2015 and the other allegedly on January 30, 2015.

Defendant is 44 years old, separated with four children, and has resided with his mother since his release from prison in 2012. Defendant is unemployed and has been receiving Social Security Disability benefits ($733 monthly) since being involved in a serious automobile accident where he sustained serious injuries in 2001. Prior to that accident he worked as a construction worker from 2001 - 2002.

Defendant has some mental health issues, and reportedly was diagnosed in 2001 with clinical depression, and allegedly attempted suicide in 2004 by overdosing with prescribed medication.

Defendant's criminal history is long an unabated. He has used several alias names in the past. He has multiple felony convictions, including but not limited to receiving and concealing stolen property, fleeing and eluding, breaking and entering, and he also has a history of several parole violations, absconding from supervision, and being discharged from probation without improvement. Defendant's most recent conviction on May 14, 2012 was for Felony Breaking and Entering a Building with Intent, and Felony Burglar's Tools Possession. Defendant was in fact on parole with the Michigan DOC and under supervision when most of the incidents alleged in the complaint took place, as his parole was not discharged until 11/14/14.

Pretrial Services has interviewed Defendant and concludes that he is a risk of non appearance due as well as a danger to the community and recommends detention.

This Court finds that there is a preponderance of evidence that establishes Defendant as a risk of flight, and that there is clear and convincing evidence that Defendant poses a danger to the community. After reviewing the statutory requirements and analyzing the factors in 18 USC 3142 et seq, this Court finds that there is no condition or combination of conditions that would assure Defendant's appearance or the safety of the community. Detention is Ordered.